IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, ) | C/A No.: 2:20-3778-BHH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Bank of America, N.A. (a/k/a Bank of ) | |
| America); Carrington Mortgage Services ) | |
| LLC; and Experian Information Solutions ) | |
| Inc, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Nelson L. Bruce ("Plaintiff"), proceeding pro se and in forma pauperis, filed an Amended Verified Complaint against Bank of America, N.A., Carrington Mortgage Services, LLC, and Experian Information Solutions LLC alleging Fair Credit Reporting Act ("FCRA"), South Carolina Consumer Protection Code ("SCCPC"), and defamation claims. *See* ECF No. 10. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff filed an Amended Verified Complaint against Bank of America, Carrington Mortgage Services, and Experian Information Solutions. ECF No. 1. The complaint in this action is virtually identical to an amended complaint Plaintiff attempted to file in his action against Bank of America that is presently pending before the court. *See Bruce v. Bank of America*, N.A., C/A

No.: 2:19-3456-BHH-KDW (Dec. 12, 2019) ("*Bruce I*").[1] As in the proposed amended complaint filed in *Bruce I*, Plaintiff asserts FCRA and SCCP claims against Defendants. *See* ECF No. 10, and *Bruce I*, ECF No. 39. However, unlike the proposed amended complaint filed in *Bruce I*, Plaintiff adds a defamation claim against Defendants in the complaint pending before the court. *Id.*

Plaintiff alleges he disputed erroneous tradelines associated with Bank of America and Carrington Mortgage Service accounts that were reported on his Experian Information Solutions credit report. ECF No. 10 at 5–6. Plaintiff contends he filed a dispute concerning these entries on or about June, October, and November 2015, September 2016, and June 2019. *Id.* at 6. Plaintiff says Experian notified him that they had initiated an investigation into this dispute and determined the credit report was accurate. *Id.* Plaintiff contends Bank of America and Carrington continued to publish the complained of report to Experian and also continuously updated the report with more inaccurate unauthorized statements and information on a monthly basis. *Id.* Plaintiff claims he subsequently requested that the accounts be removed from his credit report and Experian alleged the account had been verified as accurate but failed to provide documentation about how the information was verified. *Id.* Plaintiff alleges he obtained his credit report from Experian on October 2015 and other later dates and found Experian did not include Plaintiff's statement of dispute in the credit report. *Id.* at 7. Plaintiff says that subsequent to the receipt of Plaintiff's statement of dispute, Experian issued consumer reports that only provided a summary of Plaintiff's statement of dispute, not the full statement as requested. *Id.* Plaintiff alleges that users of his credit report do not have any indication that certain information was disputed by Plaintiff. *Id.* Plaintiff

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

2

claims he sent an online statement of dispute to Experian between 2015 and 2019 after his request for reinvestigation did not yield a change of status to Plaintiff's credit report. *Id.* at 8. Plaintiff claims despite having been furnished information from Bank of America and Carrington and Plaintiff's disputes, Experian abdicated its obligations under federal law and instead has parroted what Bank of America and Carrington have said. *Id.* at 8–9. Plaintiff alleges Bank of America and Carrington promised through subscriber agreements to accurately update accounts, but these Defendants have failed to follow this requirement resulting in erroneous information on Plaintiff's credit report. *Id.* at 9. Plaintiff alleges that he believes Bank of America received a tender of payment under the Financial Relief for Homeowners/National Mortgage Settlement which was applied to Plaintiff's account on or about May 2017 zeroing out the balance due. *Id.* at 14. Plaintiff contends Carrington is therefore reporting an unverified account as there is no balance due and no contract that gives Bank of America and Carrington authority to report to third party reporting agencies. *Id.* Plaintiff also claims his signature has been forged on the mortgage note, and claims these mortgage accounts have been deleted from his other credit reports. *Id.* at 15–17. Plaintiff argues Experian continues to report this debt on his credit report although they have not produced any evidence to support their investigation that verified this account. *Id.* at 18. Plaintiff states the date of the first violation occurred in September 2015 when defendants published derogatory and defamatory statements and information reported to third parties without providing proper validation and verification of the alleged debt and holder status. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding

with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that an action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    FCRA

As noted by the court in *Bruce I*, ECF No. 63,[2] Plaintiff's FCRA claims are barred by the statute of limitations. In support of his FCRA claim, Plaintiff alleges he disputed several erroneous

---

[2] On November 30, 2020, Plaintiff filed a Notice of Appeal challenging the court's denial of his motion to amend complaint. *Bruce I*, ECF No. 66.

reports related to his credit in June, October, November 2015; September 2016; and June 2019, however he identifies September 2015 as the date "the first violation brought forth herein this verified complaint occurred." ECF No. 10 at 6, 18.

A consumer may recover actual damages for willful or negligent noncompliance with the mandates set forth in the FCRA. 15 U.S.C.A. § 1681n-§ 1681o. The specific language concerning the application statute of limitations within the FCRA indicates:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C.A. § 1681p.

Plaintiff has admitted that he was aware of the erroneous information in his credit report in 2015 because he disputed this erroneous information with Defendants in October and November 2015. ECF No. 10 at 6. Accordingly, the limitations period for Plaintiff to file a FCRA suit against Defendants has expired. *See Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638, 641 (D.S.C. 2016) (explaining that under the FCRA, "the limitations period begins to run when a party knows or should know, through the exercise of due diligence, that a cause of action might exist."). The undersigned also finds the new disputes Plaintiff claims to have raised in 2018 and 2019 do not allow Plaintiff to circumvent the statute of limitations, as a new dispute centered on the same alleged inaccurate report does not toll the statute or create a separate and distinct cause of action. To the extent Plaintiff argues his renewed challenges to the credit report and Defendants' reinvestigation of his disputes tolled the statute of limitations, Plaintiff is in error. The statute at issue and the relevant caselaw indicates a plaintiff's discovery of a purported erroneous credit

5

report or representation begins the two-year statute of limitations, not a renewed dispute of the report. The undersigned recommends Plaintiff's FCRA claims be summarily dismissed.

    2.    SCCPC

The undersigned also finds that Plaintiff's SCCPC claims are barred by the statute of limitations.[3] Plaintiff alleges Defendants violated the SCCPC when they failed to correct inaccurate information on his consumer report or failed to properly investigate Plaintiff's disputes on the information included on his report. ECF No. 10 at 29–30. Plaintiff identifies September 2015 as the date the violation first occurred. ECF No. 10 at 18. Because the applicable statute of limitations under the SCCPC is three years, and more than three years have passed since Plaintiff's discovery of the purported erroneous credit report(s) giving rise to his state law claims, the undersigned finds Plaintiff's SCCPC claim is time barred. *See Tilley v. Pacesetter Corp.*, 508 S.E.2d 16, 20 (S.C. 1998) (applying a three-year statute of limitations to claims brought pursuant to the SCCPC). Accordingly, the undersigned recommends that Plaintiff's SCCPC claim be dismissed.

    3.    Defamation

The undersigned finds Plaintiff's defamation claim is also barred by the relevant statute of limitations. In support of his defamation claim, Plaintiff references Defendants' September 2015 publication of false consumer reporting agency statements, payment history, and balances. ECF No. 10 at 18, 23.

In diversity actions, the statute of limitations of the forum state controls. *See Bonham v. Weinraub,* 413 F. App'x 615, 616 (4th Cir. 2011) (stating that in a case "based on diversity of

---

[3] The court previously found Plaintiff's SCCPC claims are barred by the statute of limitations. *See Bruce I*, ECF No. 63.

citizenship, the substantive law of the forum state is controlling"). The forum state in this case is South Carolina and in South Carolina a defamation action must be brought within two years of the publication of the allegedly defamatory statement. There is no provision allowing for tolling of the statute pending discovery of the publication. *See* S.C. Code Ann. § 15-3-550; *Harris v. Tietex Int'l Ltd.*, 790 S.E.2d 411, 416 (S.C. Ct. App. 2016) ("The limitations period begins when the alleged defamatory statement is made, not when the plaintiff learns of the statement.") (citing *Jones v. City of Folly Beach*, 483 S.E.2d 770, 775 (S.C. Ct. App. 1997)).

Plaintiff identifies a September 2015 credit report as the basis for his defamation claim. *See* ECF No. 10 at 18. Although Plaintiff argues that the defamation is continuous to the present date because Defendants never corrected or deleted the account, under South Carolina law the limitations period begins on the date the statement is made. Accordingly, the undersigned finds Plaintiff's defamation claim is untimely and recommends that this claim be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process. [4]

IT IS SO RECOMMENDED.

December 4, 2020  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the court is authorized to anticipate clearly-apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).